UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAWRENCE FEDERICO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4913** |
| **STATE FARM GENERAL INSURANCE COMPANY, ET AL.** | **SEC. B(2)** |

ORDER AND REASONS

Before the Court is Plaintiff's Motion to Amend Scheduling Order (Rec. Doc. No. 44). The motion is opposed and requests that the scheduling order, which currently requires Plaintiff to submit all expert reports before Defendants, be amended to require Defendants to produce expert reports related to the items on which they bear the burden of proof before Plaintiffs produce expert reports on those items, and vice versa.[1] After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Amend Scheduling Order (Rec. Doc. No. 44) is **DENIED.**

---

[1] The proposed amendment reads as follows: Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for a party on an issue on which that party bears the burden of proof shall be obtained and delivered to counsel for the opposing party no later than [date]. Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), intended to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), shall be obtained and delivered to counsel for the opposing party no later than [date].

**BACKGROUND**

This case is a Hurricane Katrina case in which Plaintiff suffered damage to his property, a portion of which was his personal residence and a portion he rented as an apartment. Plaintiff brought this action on the claim of inadequate payment by its insurance companies, State Farm General Insurance Company, which issued a flood policy, and State Farm Fire and Casualty Company, which issued a homeowners/apartment policy. The parties participated in a preliminary conference with the Court on July 18, 2008. The subsequent scheduling order required Plaintiff to submit expert reports to counsel for Defendants by January 2, 2009, and for Defendants to submit expert reports by February 2, 2009.

**DISCUSSION**

Plaintiff's motion and supporting memorandum are very general. Plaintiff simply cites the comments to the 1993 Amendments to Rule 26(a)(2), which state "in most cases, the party with burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue," and asserts that because Defendant insurers have pled affirmative defenses that raise the applicability of exclusionary clauses and insurers have the burden of proving the applicability of such clauses, Defendants should submit their expert reports on those issues before Plaintiff. Plaintiff's motion does not discuss the coverage or exclusion

issues with any degree of specificity or relate Plaintiff's own burdens of proof.  Moreover, Plaintiff cites only one case in the Eastern District of Louisiana that granted such a request, *Newell v. Allstate Ins. Co.*, No. 06-8516, Dkt. 39 (E.D. La. Aug, 7, 2007). Similar motions decided after *Newell* in these Hurricane Katrina insurance cases presented in the Eastern District of Louisiana have been denied. *See Wilson v. State Farm Fire & Cas. Co.*, No. 07-6914, 2007 WL 4553985; *Johnson v. ZC Sterling Ins. Agency, Inc.*, No. 07-5532, Dkt. 15 (E.D. La. December 20, 2007; *Deslonde v. Allstate Ins. Co.*, No. 07-4314, Dkt. 23 (E.D. La. Jan 24, 2008); and *Cochrane v. Allstate Ins. Co.*, No. 07-4283, Dkt. 19 (E.D. La. Jan. 18, 2008).

Defendants argue that Plaintiff has the burden of proof on most issues in the litigation and Defendants' affirmative defenses do not constitute good cause for altering the normal practice of requiring Plaintiff to produce expert reports first.  Defendants assert that the relevant exclusion clauses are flood exclusions, and argue that because Plaintiff has admitted in his complaint that his property was damaged by storm surge and has been paid under the flood policy, the issue is allocation of loss between covered and non-covered perils, the burden of which falls on Plaintiff. Defendants support this argument with the related point that "the burden of proving damages with reasonable certainty always resides with the insured."  (Rec. Doc. 47 at 8) (citing 17A Lee R. Russ &

Thomas F. Segalla, *Couch on Insurance* §§ 175:64, 175:92 (3d ed. 2006); and *Broussard v. State Farm Fire & Cas. Co.*, No. 06-8084, 2007 WL 2264535, at *3 (E.D. La. Aug. 2, 2007)). Hence, Defendants argue that good cause for amending the scheduling order has not been established because it is undisputed that Plaintiff's property suffered flood damage and Plaintiff has the burden of proving the extent of loss and segregating his losses between flood and wind and the burden of establishing every element of his bad faith claims.

    This Court finds Plaintiff's argument to rearrange the expert report deadlines unconvincing. Plaintiff bears the burden of proving the cause of damage to his property, and Defendants bear the burden of proving otherwise. *See Deslonde*, No. 07-4314, Dkt. 23 at 3; *see also Broussard v. State Farm Fire & Cas. Co.*, No. 06-8084, 2007 WL 2264535, at *3 (E.D. La. Aug. 2, 2007). Plaintiff, in his exceedingly general motion, has not shown good cause for altering the Court's standard order. Here, as in other such Hurricane Katrina cases, especially in a suit involving both flood and homeowner's/apartment insurance policies and claims, evidence supporting the parties' respective positions will undoubtedly overlap in the course of trial. Further, Plaintiff has not suggested that he is prejudiced by submitting his expert reports before Defendants and is well aware of the arguments Defendants will present at trial as Defendants' affirmative defenses are set forth in their answer and supplemental answer. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Scheduling Order (Rec. Doc. No. 44) is **DENIED**.

New Orleans, Louisiana this 15th day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE